IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, and
JOSE ARTEAGA, Revenue Officer,
Internal Revenue Service,

        Petitioners,                      No. 2:10-mc-00037 LKK KJN

      v.                                 FINDINGS AND RECOMMENDATIONS

JEFFREY SCOTT,

        Respondent.

_____/

This matter was heard by the undersigned on May 27, 2010, as a result of the order to show cause entered April 13, 2010, which ordered respondent to show cause why he should not be compelled to obey the summons issued by the Internal Revenue Service ("IRS") on December 7, 2009, pursuant to 26 U.S.C. § 7602.[1]  (Dkt. No. 3.)  Assistant United States Attorney Yoshinori H. T. Himel appeared on behalf of petitioners, and Revenue Officer Jose Arteaga was also present at counsel's table.  Respondent, who is proceeding without counsel, appeared via telephone.

---

[1] This matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(9) and 28 U.S.C. § 636(b)(1).  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345.

1

1    At the hearing, petitioner Arteaga and respondent agreed to meet regarding the summons at issue on June 10, 2010, at 11:00 a.m., at the IRS's office located at 4830 Business Center Drive, Suite 250, in Fairfield, California 94534. Accordingly, the parties are directed to meet on that date, and the undersigned also expects that respondent will cooperate with respect to the taking of his sworn testimony and the production of the documents and records called for in the summons, which include the following:

- All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period: From 01/01/2009 To 12/06/09. Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies. (Verified Petition, Ex. A, Dkt. No. 1 at 6.)

- Form 1040 for the calendar periods ending December 31, 2000, December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004 and Form CIVPEN for the quarterly periods ending December 31, 1998, December 31, 1999, December 31, 2000, December 31, 2001, December 31, 2002, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2008. (Verified Petition, Ex. A, Dkt. No. 1 at 8.)

The undersigned also expects that respondent will produce for copying the "sworn statements of fact" referred to by respondent at the hearing on the order to show cause on May 27, 2010, despite the fact that respondent contends that petitioners already possess such statements.

Despite the parties' agreement to meet, the undersigned will enter findings and recommendations herein that the IRS's summons be enforced and that respondent appear at a later date should the parties be unable to resolve the matters to which the summons pertains during their June 10, 2010 meeting. In making such recommendations, the undersigned has fully

////

////

////

1  considered the parties' written submissions, oral arguments, and the record in this case.²

2          Petitioner Arteaga is conducting an investigation of respondent "to determine
3  financial information for the collection of assessed U.S. individual income tax liabilities (Form
4  1040) for the tax years ending December 31, 2000; December 31, 2001; December 31; 2002,
5  December 31, 2003; and December 31, 2004." (Verified Petition ¶ 4, Dkt. No. 1.) He is also
6  seeking information regarding civil penalties for the tax years ending: December 31, 1998;
7  December 31, 1999; December 31, 2000; December 31, 2001; December 31, 2002; December
8  31, 2004; December 31, 2005; December 31, 2006; December 31, 2007; and December 31, 2008.
9  (Id.)

10          The IRS issued a summons directing respondent to appear on January 8, 2010, to
11  provide sworn testimony and produce documents and records called for in the summons.
12  (Verified Petition, Ex. A, Dkt. No. 1 at 6-8.) Respondent did not appear and directed
13  correspondence to the IRS demanding certain tax refunds. (See Verified Petition ¶ 9 & Exs. B,
14  C, and D, Dkt. No. 1 at 9-22.) The IRS provided respondent with an additional opportunity to
15  appear before a revenue officer on February 24, 2010, and warned respondent that legal
16  proceedings might be initiated against him for not complying with the summons. (Dkt. No. 1 at
17  25.) Respondent again failed to appear. (Verified Petition ¶ 9.)

18          Petitioners subsequently filed the pending verified petition seeking enforcement of
19  the December 7, 2009 summons. (Dkt. No. 1.) The undersigned entered an order that
20  respondent show cause why he should not be compelled to obey the summons. (Dkt. No. 3.) In
21  that order, the undersigned found that petitioners met their burden "to establish that the

---

² The order to show cause provided that respondent could file and serve a written opposition to the verified petition no later than fourteen days prior to the hearing on the order to show cause. (Dkt. No. 3 at 3.) Respondent did not file and serve a written opposition. However, he filed a document entitled "Notice of Status," which does not directly oppose either the summons or the order to show cause, and expressly disclaims that it "is not a reply to Case No. : 2:10-mc-00037-LK-KJN ORDER TO SHOW CAUSE." (Dkt. No. 5.) Nevertheless, the undersigned has considered the Notice of Status in arriving at these findings and recommendations.

summons: (1) was issued pursuant to a 'legitimate purpose'; (2) seeks information 'relevant' to that purpose; (3) seeks information that is 'not already within the Commissioner's possession'; and (4) satisfies all 'administrative steps required by the Code.'" Stewart v. United States, 511 F.3d 1251, 1254 (9th Cir. 2008) (quoting United States v. Powell, 379 U.S. 48 (1964)). (See Dkt. No. 3 at 2-3.) The undersigned further informed respondent that because petitioners met their initial burden with respect to obtaining enforcement of the summons, the burden shifted to respondent to oppose enforcement. (Id. at 3.) Respondent could successfully oppose enforcement of the summons and obtain a limited evidentiary hearing by demonstrating "'an abuse of process' or 'the lack of institutional good faith.'" Stewart, 511 F.3d at 1255 (quoting Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995)). Respondent has not made such a showing or offered any opposition or argument in this regard and, therefore, has not met his burden to show why the summons should not be enforced. Accordingly, the undersigned finds that the summons should be enforced.

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. The IRS summons issued to respondent, Jeffrey Scott, be enforced.

2. If petitioners and respondent are unable to resolve the issues pertaining to the tax summons during their meeting on June 10, 2010, that respondent be ordered to appear at the IRS offices at 4830 Business Center Drive, Suite 250, in Fairfield, California 94534, before Revenue Officer Jose Arteaga, within 21 days of the entry of an order adopting these findings and recommendations, or at a later date and time to be set and noticed in writing by Revenue Officer Arteaga. At such time, respondent shall be sworn, give testimony, and produce for examination and copying the following documents and records demanded by the summons:

- All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period: From 01/01/2009 To 12/06/09. Also include all current vehicle

        registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.  (Verified Petition, Ex. A, Dkt. No. 1 at 6.)

- Form 1040 for the calendar periods ending December 31, 2000, December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004 and Form CIVPEN for the quarterly periods ending December 31, 1998, December 31, 1999, December 31, 2000, December 31, 2001, December 31, 2002, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2008.  (Verified Petition, Ex. A, Dkt. No. 1 at 8.)

The undersigned also recommends that respondent be ordered to provide a copy of the "sworn statements of fact" referred to by respondent at the May 27, 2010 show cause hearing.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

        IT IS SO RECOMMENDED.

DATED: May 27, 2010

                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE